IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1262-09






SHELDON KEITH CRAIN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler, and
Hervey, JJ., joined.



 In concluding that a reasonable person would not have felt free to decline Officer Griffin's
request to "Come here and talk to me," the Court overlooks the obvious: appellant did decline the
request. He evidently did not think it was a command that had to be obeyed, because he did not obey
it. Appellant looked back at Officer Griffin, took a few more steps, and then stopped, but he did not
obey what the Court refers to as a "request," and the concurring opinion calls a "command."

 Furthermore, the Court says that Officer Griffin's statement to appellant was a "request" that
sounded like an order. I am at a loss to understand why this Court thinks that it knows better than
the trial court what the request sounded like. The concurring opinion analogizes Officer Griffin's
statement to a mother using a "sugary tone of voice" while nevertheless letting her child know that
there will be consequences for disobedience. But we don't know what Officer Griffin's tone of
voice was. We defer to the trial court because, unlike us, that court actually heard the officer's tone
of voice as he repeated his statement at trial. 

 And it is not just the tone of voice about which we owe deference to the trial court. The trial
court was entitled to put the specific words said (in whatever tone) in context with the rest of the
officer's testimony. Here is what Officer Griffin actually said when he saw appellant walking across
someone's yard after midnight:

 "I...I spotlighted him, saw him - get a good look at him, and I asked him to come over and
talk to me." 

 "Well, I called him from my patrol - while I was sitting in the patrol car and asked him to
come over and talk to me." 

 "I - I believe I told him, hey, come over here and talk to me." 

 "Well I just wanted to interview him and I wanted to see, you know what - due to the
burglaries in the area, I wanted to see what he was - if he lived in the area or - and where he was
going, you know, just to, you know get a feel of what - what this individual is doing here after
midnight." 

 "We were just going to talk to him, see what he was doing and where he was headed, where
he was coming from." 

 On cross-examination, when asked directly whether he "told him to get over here" or "asked"
him, Officer Griffin said, "Well, I asked him." He testified that he asked him by saying, "Come over
here and talk to me." I believe the Court errs in confining its analysis to the most restrictive view
of the words used rather than considering the entirety of the testimony. "Hey, come over here and
talk to me" may or may not sound like a command. It was up to the trial court to decide whether
those words, said in the tone of voice the court listened to, and in the context of all the evidence,
were a command or a request. 

 Moreover, the fact that appellant did not comply with the officer's request is relevant to the
legal issue before us. In Estrada v. State, Estrada argued that his own subjective belief that he was
free to leave was irrelevant because the legal test for custody is an objective one. We disagreed,
saying that it is relevant to the legal test for custody that a defendant "subjectively believes that he
is free to leave while the police are questioning him." (1) In determining whether the officer
"commanded" appellant to "come over," the trial court was entitled to conclude that appellant did
not consider it a command, since he did not obey it.

 Also, even if the police officer's request were construed to be a command to "come over,"
no seizure would have occurred until appellant complied. (2) The trial court could have concluded that,
before appellant had complied with any show of authority, the officer had smelled marijuana, giving
the officer a reasonable basis for detention.

 I am not entirely sure that the specific issue before us was preserved. The motion to suppress
referred to various constitutional provisions without any attempt to apply them specifically to the
facts. At the hearing, the argument was not about whether there was an encounter or a detention, but
about whether Officer Griffin had a right to detain appellant when the officer first saw him. Defense
counsel cited cases that hold, essentially, that facts such as it being late at night and in a high-crime
area are not sufficient to justify detaining an individual. The State pointed out that, unlike in those
types of cases, once Officer Griffin approached appellant and smelled marijuana, he did have a right
to detain him. In other words, the arguments to the trial court concerned only whether the actual
undisputed detention (after marijuana was smelled) was justified; they did not concern the nature of
the initial meeting. 

 In closing, the assistant district attorney argued that the officer had a right to approach the
individual in a public place to ascertain information to protect the public. He said, "[T]o hold
otherwise - - I mean, my God, that - - what do we have them in the streets for?" I have to agree.

 I respectfully dissent.

FILED: June 30, 2010

PUBLISH

1. Estrada v. State, ____ S.W.3d____, ____ n.21 (Tex. Crim. App. June 16, 2010).
2. California v. Hodari D., 499 U.S. 621, 626 (1991) (where physical force is absent, a
seizure occurs only when there is "submission to the assertion of authority") (emphasis in
original). 

.